Darren P.B. Rumack
THE KLEIN AND CARDALI LAW GROUP
39 Broadway 35th Floor
New York, NY 10006
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiff.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------x

**ALEX VASQUEZ**

**Plaintiff**

**v.**

**<u>COMPLAINT</u>**
**Index No.**

**JURY TRIAL DEMANDED**

**EDISON LEMA YAUCAN, Individually,**
**And LATIN POWER FC CORP.**
**d/b/a LATIN POWER CONSTRUCTION CORP.**

**Defendants.**

----------------------------------------------------------------------x

1. Plaintiff Alex Vasquez ("Plaintiff") alleges as follows:

## NATURE OF THE ACTION

2. This Action on behalf of Plaintiff, seeks the recovery of unpaid wages and related damages for unpaid overtime, while Plaintiff was jointly employed by Latin Power FC Corp. d/b/a Latin Power Construction Corp. ("Latin Power Construction"), and Edison Lema Yaucan (collectively "Defendants"). Plaintiff seeks these damages under the applicable provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

## PARTIES

3. Plaintiff, a resident of New Jersey, was employed as a construction worker from October 2025 through May 25, 2026. Plaintiff was employed by Defendants during the relevant limitations periods.

4. Defendant Latin Power Construction is a New York Corporation and is a construction company located at 1872 Greene St., Apt. 1R, Ridgewood, NY 11385.

5. Upon information and belief, Latin Power Construction has an annual gross volume of sales in excess of $500,000.00.

6. At all relevant times, Latin Power Construction has been and continues to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

7. Upon information and belief, Defendant Yaucan is the owner and operator of Latin Power Construction.

8. Upon information and belief, Defendant Yaucan exercises control over Latin Power Construction's day to day operations, including the ability to hire and fire employees and set employee schedules and employee rates of pay.

9. Defendant Yaucan was an employer of Plaintiff during the relevant time period.

**JURISDICTION AND VENUE**

10. This Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are related in this action within such original jurisdiction

that they form part of the same case or controversy under Article III of the United States Constitution.

11. Venue is proper in this District, because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein allegedly took place in this District.

**FACTUAL ALLEGATIONS**

12. Defendants committed the following alleged acts knowingly, willfully and intentionally.

13. Defendants knew that the nonpayment of minimum wage and overtime to Plaintiff would economically injure Plaintiff and violated state and federal laws.

14. Plaintiff was employed as a construction worker for Defendants, including foundation and plywood work, working with power drills, cutters and hammers.

15. Plaintiff worked mainly on residential construction sites in Brooklyn and the Bronx, including 362 Livingston St., Brooklyn, NY 11217 and 3863 Sedgwick Ave., Bronx, NY 10463.

16. Plaintiff would receive texts from his manager, Jose Yaucan, who would tell him the locations he was assigned to.

17. Plaintiff regularly worked 6 days per week for Defendants, from Sunday to Friday.

18. Plaintiff generally worked from 7:00 am through 5:00 pm, thereby working 60 hours per week on average, without meal breaks.

19. Plaintiff was paid $25.00 per hour in checks on a weekly basis.

20. The checks would list hours worked on them.

21. For example, a check dated November 7, 2025, paid Plaintiff $1250.00 for 50 hours worked for the period of October 26 – October 31, 2025, (i.e. 50 hours worked at $25.00 per hour).

22. For example, a check dated April 3, 2026, paid Plaintiff $1875.00 for 40 hours worked for the period of February 24 – February 27, 2026 and for 35 hours worked for the period of March 23 – March 27, 2026 (i.e. 75 hours worked at $25.00 per hour).

23. For example, a check dated April 13, 2026, paid Plaintiff $1100.00 for 44 hours worked for the period of March 30 – April 3, 2026, (i.e. 44 hours worked at $25.00 per hour).

24. As a result, Plaintiff was not paid 1.5 times his regular hourly rate for hours worked over 40 per week.

25. Defendant Yaucan set Plaintiff's rate of pay and schedule.

26. Defendant Yaucan hired Plaintiff.

27. Plaintiff received company checks without accompanying paystubs.

28. Plaintiff regularly handled goods in interstate commerce, such as concrete, plywood and other construction supplies produced outside the State of New York.

29. At all times relevant herein, Defendants failed to provide Plaintiff with the required notice at the time of his hiring and subsequent changes in pay rates, etc., pursuant to NYLL § 195(1) containing, among other things, his rate of pay, designated payday, and the name, address, and telephone number for Defendant and Plaintiff never received such a notice.

30. At all times relevant herein, Defendants failed to provide Plaintiff with the required wage statements pursuant to NYLL § 195(3).

31. By not showing the work hours and earned wages claimed herein, this prevented Plaintiff from determining and seeking payment for the precise amount of his unpaid wages and was thus harmed by being deprived of his income for longer than he would have been had he been able to timely raise his underpayment earlier.

32. At all times relevant herein, Defendants' failure to provide Plaintiff with the required wage notice and wage statements, caused Plaintiff to suffer injury, because Plaintiff was underpaid and was not advised that he was due overtime wages when he worked the additional overtime hours over 40 each week claimed in this action — that is, he did not know he was supposed to be paid additional overtime and other wages claimed in this action, and he lost out on the ability to advocate for such wages and be paid according to the requirements of the law such as the FLSA and NYLL.

33. Defendants failed to provide Plaintiff with a written notice of rate of pay with his correct hourly wage rates listed and failed to keep proper payroll records as required under New York law.

## FIRST CAUSE OF ACTION
**Fair Labor Standards Act- Overtime Violations**

34. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

35. The overtime provisions set forth in the FLSA, 29 USC §§ 201 *et seq.,* and the supporting federal regulations apply to Defendants and protects Plaintiff.

36. Defendants have willfully failed to pay Plaintiff the overtime wages for hours worked in excess of forty (40) hours in a workweek.

37. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

**SECOND CAUSE OF ACTION**
**New York Labor Law-Overtime Violations**

38. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

39. The overtime wage provisions of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiff.

40. Defendants have willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours in a workweek.

41. Defendants' knowing or intentional failure to pay Plaintiff overtime wages for all hours worked over 40 per week is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

42. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre-judgment and post-judgment interest, costs and other compensation pursuant to the New York Labor Laws.

**THIRD CAUSE OF ACTION**
**New York Labor Law-Record Keeping Violations**

43. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

44. Defendants failed to make, keep and preserve accurate records with respect to Plaintiff, including hours worked each workday, and total hours worked each week, as required by the NYLL and its supporting regulations.

45. Defendants failed to provide Plaintiff paystubs with her correct hourly rate and hours worked as required by NYLL § 195.

46. Defendants failed to provide Plaintiff with wage notices with her correct hourly rate as required by NYLL § 195.

47. Defendants' failure to make, keep and preserve accurate records was willful.

48. Due to Defendants' failure to provide accurate wage notices and paystubs, Plaintiff suffered "concrete, downstream injuries," in the form of deprivation of adequate wages, because it prevented Plaintiff from discovering that Defendants were systematically underpaying him in the form of the incorrect rates of pay.

49. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, in an amount to be determined at trial, costs and attorneys' fees, as provided by NYLL § 198.

## PRAYER FOR RELIEF

50. WHEREFORE, Plaintiff prays for relief as follows:

    a. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York law;

c. Penalties available under applicable laws;

d. Costs of the action incurred herein, including expert fees;

e. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, New York Labor Law § 663 and all other applicable statutes;

f. Pre-judgment and post-judgment interest, as provided by law; and

g. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right.

Dated: New York, New York
October 23, 2026

Respectfully submitted,

The Klein and Cardali Law Group PLLC

By: /s/ Darren Rumack

Darren P.B. Rumack
39 Broadway, 35th Floor,
New York, NY 10006
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiff.*